UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE APPLICATION OF ANDREW M.
CUOMO, ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                                    Plaintiff,

            --against--

DREAMLAND AMUSEMENTS INC.; TOY
CIRCUS, INC.; CROSSROADS TRUCKING
CORP.; ROBERT F. DESTEFANO, JR.;
KATHRYN L. DESTEFANO

                                    Defendants.

No. 08 Civ. 7100 (UA)

ECF Case

**ORDER TO SHOW CAUSE**

**ORAL ARGUMENT REQUESTED**


## THE NEW YORK ATTORNEY GENERAL'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO REMAND TO NEW YORK STATE COURT


ANDREW M. CUOMO
Attorney General of the State of New York
120 Broadway
New York, New York 10271
Attorney for Defendant

Alphonso B. David, Deputy Bureau Chief for Civil Rights
Spencer Freedman, Counsel for Civil Rights
Seth Kupferberg, Acting Bureau Chief for Labor

Julian R. Birnbaum
Andrew J. Elmore
Judith Marblestone
Assistant Attorneys General
    Of Counsel

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT

    I.    THIS CASE SHOULD BE REMANDED TO NEW YORK STATE COURT
         BECAUSE AN ATTORNEY GENERAL INVESTIGATION IS
         NOT A CIVIL ACTION..............................................................................6

    II.   THIS CASE SHOULD BE REMANDED TO NEW YORK STATE COURT
         BECAUSE THIS COURT LACKS SUBJECT MATTER
         JURISDICTION ......................................................................................10

CONCLUSION.......................................................................................................................14

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

American Dental Cooperative, Inc. v. Attorney-General,
    514 N.Y.S.2d 228 (N.Y. App. Div. 1st Dep't 1987) .......................................................7, 8

Abrams v. Thruway Food Market & Shopping Center, Inc.,
    541 N.Y.S.2d 856 (N.Y. App. Div. 2nd Dep't 1989) ...........................................................8

Aveo Corp. v. Aero Lodge No. 735,
    390 U.S. 557 (1968) ...........................................................................................................11

Beneficial Nat'l Bank v. Anderson,
    539 U.S. 1 (2003) ...............................................................................................................11

Briarpatch Ltd. v. Phoenix Pictures, Inc.,
    373 F.3d 296 (2d Cir. 2004) ..............................................................................................12

Bryan v. America West Airlines,
    405 F. Supp. 2d 218 (E.D.N.Y. 2005) .................................................................................8

Box Tree South, Ltd. v. Bitterman,
    873 F. Supp. 833 (S.D.N.Y. 1995) .....................................................................................11

Caterpillar Inc. v. Williams,
    482 U.S. 386 (1987) ...........................................................................................................12

Christian, Klein, & Cogburn v. National Association of Securities Dealers, Inc.,
    970 F. Supp. 276 (S.D.N.Y. 1997) .......................................................................................8

Corning Glass Works v. Brennan,
    417 U.S. 188 (1974) ...........................................................................................................13

Doidge v. Cunard S.S. Co.,
    19 F.2d 500 (1st Cir. 1927) ...............................................................................................13

Empire Healthchoice Assurance, Inc. v. McVeigh,
    547 U.S. 677 (2006).............................................................................................................13

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
    463 U.S. 1 (1983)............................................................................................................7, 11

**TABLE OF AUTHORITIES (cont'd)**

**CASES**                                                                                    **PAGE**

Guly v. First Nat'l Bank in Meridian,
     299 U.S. 109 (1936)..........................................................................................11

Hernandez v. Conriv Realty Ass's,
     116 F.3d 35 (2d Cir. 1997) ................................................................................13

Hinote v. Morgan,
     179 F.R.D. 335 (S.D. Ala. 1998) .......................................................................9

Integrative Nutrition, Inc. v. Acad. of Healing Nutrition,
     476 F. Supp. 2d 291 (S.D.N.Y. 2007) ..............................................................11

La Belle Creole Intl., S.A.,
     10 N.Y.2d 192 (N.Y. 1967) ...............................................................................10

Lingle v. Norge Division of Magic Chef, Inc.,
     486 U.S. 399 (1988) .........................................................................................13

Matter of Garcia v. Heady,
     847 N.Y.S.2d 303 (N.Y. App. Div. 3d Dep't 2007) ........................................12

Metropolitan Life Ins. Co. v. Taylor,
     481 U.S. 58 (1987)............................................................................................11

Rubin v. MasterCard Int'l LLC,
     342 F. Supp. 2d 217 (S.D.N.Y. 2004).............................................................6, 7

State of California v. H & R Block, Inc.,
     No. C 06-2058 SC, 2006 U.S. Dist. LEXIS 69472 (N.D. Cal. Sept. 18, 2006)....................7

State ex rel. Myers v. Portland General Elec. Co.,
     No. 04-CV-3002-HA 2004 U.S. Dist. LEXIS 15251 (D. Ore. July 30, 2004)....................9

Tiengkham v. Electronic Data Sys.,
     551 F. Supp. 2d 861 (S.D. Iowa 2008) .............................................................12

Vera v. Saks & Co.,
     335 F.3d 109 (2d Cir. 2003)..............................................................................13

Wiener v. Abrams,
     464 N.Y.S.2d 919 (Sup. Ct. N.Y. Kings Cty. 1983)...........................................8

TABLE OF AUTHORITIES (cont'd)

**FEDERAL STATUTES AND REGULATIONS**                                    **PAGE**

8 U.S.C. § 1324b................................................................................................12

12 U.S.C. § 85..................................................................................................11

12 U.S.C. § 86..................................................................................................11

17 U.S.C. § 102................................................................................................12

17 U.S.C. § 103................................................................................................12

17 U.S.C. § 106................................................................................................12

17 U.S.C. § 301................................................................................................12

28 U.S.C. § 1331................................................................................................6

28 U.S.C. § 1441...........................................................................................6, 10

28 U.S.C. § 1446................................................................................................8

29 U.S.C. § 201 et seq. ...................................................................................12

29 U.S.C. § 213................................................................................................12

29 U.S.C. § 301.....................................................................................11, 12, 13

29 U.S.C. § 502................................................................................................11


**NEW YORK STATUTES AND REGULATIONS**

Civil Practice Law and Rules §2308(b) ...............................................1, 5, 7, 10

Civil Practice Law and Rules §3102........................................................................8

Executive Law § 63 ...............................................................................1, 3, 4, 7, 9

Executive Law § 290 et seq. 63 ...........................................................................3

Labor Law Article 6..............................................................................................3

## TABLE OF AUTHORITIES (cont'd)

**NEW YORK STATUTES AND REGULATIONS**                                              **PAGE**

Labor Law Article 19...................................................................................................................3

10 N.Y.C.R.R. Subpart 7-3..........................................................................................................3

12 N.Y.C.R.R. Part 142 ...............................................................................................................3

**NEW YORK CITY STATUTES AND REGULATIONS**

New York City Administrative Code §8-101 et seq.......................................................................3

## PRELIMINARY STATEMENT

In defendants'[1] latest attempt to halt a valid state investigation into whether they violated state law in their treatment of employees, defendants, without any legal or factual basis, removed to this Court a state motion to compel their compliance with state investigatory subpoenas, filed in New York state court pursuant to New York Civil Practice Law and Rules ("CPLR") §2308(b) by the Attorney General. The investigatory subpoenas are authorized by New York Executive Law §63(12), and are supported by information that provides the Attorney General with a good faith belief that defendants have engaged in repeated illegal or fraudulent activity, inter alia violations of New York State wage and hour law, civil rights law, and the state sanitary code, in their treatment of employees. The motion, which seeks to compel defendants to testify and provide documents, is not subject to removal because there is no "civil action" to remove. Moreover, the Attorney General's motion to compel is pursuant to state law, based on a belief of state law violations, which is governed by state court procedures, and should be adjudicated by a state judge. Defendants' purported preemption defense does not provide this court with subject matter jurisdiction to hear the Attorney General's motion to compel, and therefore cannot justify removal, and remand of the motion to compel is required.

The Attorney General proceeds by Order to Show Cause because authorization to proceed by emergency application was already granted by the state judge who initially reviewed this motion, and because of the Attorney General's belief of continuing violations and that defendants have not complied with the subpoenas in order to evade this investigation until after September, when the carnival season ends and the defendants leave New York State. Lacking

---

[1]    For the purposes of this motion to remand, the Attorney General is referred to as "plaintiff," and Robert F. DeStefano, Jr., Kathryn L. DeStefano, Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. are referred to as "defendants."

1

any basis in law or fact for removal, defendants' baseless removal argument abuses the judicial process in order to delay providing testimony and documents that would permit the Attorney General to conclude its investigation, and, respectfully, this Court should not hesitate to remand this matter to state court where it belongs.

## STATEMENT OF FACTS

Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp., which jointly operate the traveling carnival business known as "Dreamland," and their owners-operators Robert F. DeStefano, Jr. and Kathryn L. DeStefano, employ individuals to transport and operate fairs in locations in New York for as much as one half of the approximately nine months they operate each year.[2] Dreamland has operated fairs in around six counties in New York in 2008 alone, and has similarly operated multiple fairs in New York in prior years. See accompanying Affidavit of Assistant Attorney General Andrew J. Elmore, sworn to August 15, 2008 ("Elmore Aff."), Ex. A ¶¶10-12, 14.  On or around May 2007, the Attorney General's office began receiving complaints stating that defendants were engaged in unlawful employment practices (Id. Ex. A ¶ 13).

A preliminary investigation by the Attorney General indicates that Dreamland Amusements Inc. and the DeStefanos made misrepresentations to the State of New York.

---

[2]    Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. are New York Corporations with their principal place of business located at 2 Olympia Lane, Stony Brook, New York 11790, which also appears to be the DeStefanos' home address (Elmore Aff. Ex. A ¶¶ 10-11). Since at least January 2006, Kathryn L. DeStefano and Robert F. DeStefano, Jr. appear to have been the owners, officers, and/or operators of Dreamland Amusements, Inc., Toy Circus, Inc., and Crossroads Trucking Corp (Id. Ex. A ¶ 10). The Attorney General's preliminary investigation has revealed that Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. jointly operate the traveling carnival business known as Dreamland and, for all intents and purposes, these corporate entities appear to operate as a single enterprise (Id. Ex. A ¶ 12).

Specifically, they represented to the New York State Department of Labor ("NYS DOL") – in each year since at least 2005 – in applications to hire alien H-2B employees ("ETA 750s") that they would offer and pay a rate of pay above the minimum wage to their workforce and comply with state and local laws, including but not limited to labor and anti-discrimination laws (Elmore Aff. Ex. A ¶¶ 15-23). However, employee complaints and other information received by the Attorney General suggest that defendants do not abide by New York's minimum wage, overtime, and/or record-keeping requirements, nor have defendants paid the promised rate of pay, which the Attorney General believes that defendants must pay their employees in violation of Articles 6 and 19 of the New York Labor Law (Id. ¶¶ Ex. A 24-26).

The Attorney General is also investigating allegations that defendants discriminated against H-2B employees, who are mainly Latino, foreign-born workers from Mexico, by subjecting such employees to inferior work and housing conditions – forcing the workers, for example, to live in severely unhygienic and overcrowded housing (Elmore Aff. Ex. A ¶ 27).

The information obtained during the Attorney General's investigation to date suggests that defendants have engaged and continue to engage in repeated and persistent fraudulent and illegal conduct within the meaning of Executive Law §63(12) by, including but not limited to (a) systematically failing to pay full wages, denying employees overtime compensation, and ignoring record-keeping requirements in violation of Labor Law Articles 6 and 19 and 12 N.Y.C.R.R. Part 142; (b) subjecting H-2B workers to discriminatory terms and conditions of employment based on race, color, alienage and/or national origin in violation of Executive Law § 290 et seq.; and/or New York City Administrative Code §8-101 et seq.; (c) violating regulations promulgated under the New York State Sanitary Code, 10 N.Y.C.R.R. Subpart 7-3; and, (d) engaging in deceptive business practices by misrepresenting to the New York State Department

3

of Labor that Dreamland Amusements Inc. would, inter alia, pay a prevailing wage and adhere to state and local laws in violation of New York Executive Law §63(12).

New York Executive Law §63(12) authorizes the Attorney General to issue subpoenas to investigate whether a person or entity has engaged in any "repeated fraudulent or illegal acts" or "persistent fraud or illegality" in the conduct of business, and to file suit to enjoin repeated fraudulent or illegal conduct and to seek restitution on behalf of victims.   Pursuant to its investigation, on May 27, 2008 the Attorney General served subpoenas ad testificandum and subpoenas duces tecum dated May 23, 2008 on both Robert and Katheryn DeStefano and on May 28, 2008 served subpoenas duces tecum dated May 23, 2008 on Dreamland Amusements Inc., Toy Circus, Inc., and Crossroad Trucking Corp (Elmore Aff. Ex. A ¶ 29). On July 8, 2008 the Attorney General served a supplemental subpoena duces tecum on defendants, service of which was accepted by their counsel (Id. ¶ 32).   All the subpoenas required testimony and production of documents relating to, inter alia, payroll records, time records, documents identifying employee names and dates of employment, employment policies, procedures and practices, articles of incorporation, tax returns, documents filed with New York State and federal government entities regarding wages and other terms and conditions of employment, and vehicle information (Id. Ex. A ¶ 33).

Defendants have unilaterally refused to comply with the Attorney General's subpoenas. Defendants' initial assurances of compliance changed dramatically when the Attorney General requested the DeStefanos to appear for hearings, pursuant to the subpoenas, to give testimony with respect to the ongoing investigation (Elmore Aff. Ex. A ¶¶ 34-52).   The defendants demanded and the Attorney General agreed to three separate adjournments of the subpoena hearings to accommodate the DeStefanos' alleged unavailability and document production

4

schedule (Id. Ex. A ¶¶ 38, 40, 45). After the Attorney General issued a final return date for subpoena hearings of July 15, 2008, and denied defendants' request for a fourth adjournment, defendants stated that they would refuse to testify or to produce additional documents absent a judicial order compelling them to do so (Id. Ex. A ¶ 50-51). The Attorney General had earlier advised defendants that noncompliance with the subpoenas would result in a motion to compel compliance (Id. Ex. A ¶¶ 43, 45).

Although defendants' true intent was undeniably to avoid compliance with the Attorney General's subpoenas, defendants did not file a motion to quash the subpoenas in state court. Instead, defendants filed a federal lawsuit – one day before the subpoena hearing was scheduled – seeking to enjoin the Attorney General from proceeding with certain enforcement claims based on the alleged ground of federal preemption (Elmore Aff. Ex. A ¶¶ 51-52).[3]

Given the defendants' dilatory tactics and refusal to appear or produce additional documents, it became clear that defendants would not comply with the subpoenas for testimony and further production of documents without a court order. Accordingly, on July 29, 2008, the Attorney General applied for an emergency order to show cause in New York State Supreme Court, New York County, pursuant to CPLR §2308(b), to compel compliance with subpoenas. On July 30, 2008 the Honorable Joan B. Lobis entered the order, requiring oral argument by the parties on August 12, 2008.

On August 11, 2008, the day before the return date, defendants notifed the Attorney General of its notice of this removal and effected the removal by filing the notice with the state court. (Elmore Aff. ¶ 12.) While the civil cover sheet states only that defendants seek to remove

---

[3]    Tellingly, the federal complaint does not even mention objections to the hearing procedures that defendants' counsel previously raised, but rather rests on a meritless preemption argument first raised on July 8, 2008 in response to a settlement offer by the Attorney General (Elmore Aff. Ex. A ¶ 51).

a "state prosecution of the pre-empted Federal statutory scheme for payment of wages to alien, seasonal," (Def's' Civil Cover Sheet) the notice of removal makes clear that defendants seek to "bar the Attorney General from starting or pursuing the sworn substance of the investigation." (Def's' Notice of Removal ¶ 4.)[4]

The Attorney General respectfully requests that this Court review this motion on an emergency basis. An Order to Show Cause is warranted because on July 30, 2008 a New York state court judge signed an Order to Show Cause why defendants should not be compelled to comply with the Attorney General's investigatory subpoenas; the state judge's order has now been frustrated because of defendants' improper and unilateral effort to remove the emergency proceeding. Further, review on an emergency basis is justified given the severity of the allegations and the Attorney General's belief that there are ongoing violations and that defendants seek to evade the investigation until after September when the carnival season ends and intend to leave New York State. (Elmore Aff. ¶¶ 3-11).

### ARGUMENT

## I.    THIS CASE SHOULD BE REMANDED TO NEW YORK STATE COURT BECAUSE AN ATTORNEY GENERAL INVESTIGATION IS NOT A CIVIL ACTION

"Removal statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." Rubin v. MasterCard Int'l, LLC, 342 F. Supp. 2d 217,

---

[4]    Yesterday, August 14, 2008, this office received defendants' August 13, 2008 Memorandum of Law in Opposition to the Attorney General's Petition for an Order to Compel Compliance with Office Subpoenas, which engages in a lengthy argument that the Attorney General's investigatory subpoenas are invalid under Executive Law §63(12) and circumvent enforcement by other state agencies. (Id. at 7-11,16-19.) These arguments are transparently matters of state law, and if they should be made at all, they should be made to a state court. A substantive response to defendants' response will be made in due course to the appropriate court.

218 (S.D.N.Y. 2004) (internal quotation marks omitted).  Defendants carry the burden to

establish a valid basis for federal jurisdiction, Rubin, 342 F. Supp. 2d at 219, and in doing so

must overcome a "strong presumption" against removal, State of California v. H & R Block,

Inc., No. C 06-2058 SC, 2006 U.S. Dist. LEXIS 69472, at *5 (N.D. Cal. Sept. 18, 2006).  The

bar is further heightened when, as in this case, "the removal in question is of an action brought

originally by a State in a State Court." Id. at *5. This is because "considerations of comity make

[federal courts] reluctant to snatch cases which a State has brought from the courts of that State,

unless some clear rule demands it." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463

U.S. 1, 21 n.22 (1983).

Defendants' attempt to remove this case to federal court should be rejected, because the

most fundamental component for removal  – the existence of a civil action – does not exist here.

Pursuant to 28 U.S.C. § 1441 and § 1331, which defendants assert as their bases for removal,

federal district courts are vested with original jurisdiction over "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction," (see 28

U.S.C. § 1441), and "all civil actions arising under the . . . laws . . . of the United States[,]" (see

28 U.S.C. § 1331). (Notice of Removal at ¶ 5.)  Removal is improper here because a motion to

compel compliance with investigatory subpoenas is not an "initial pleading setting forth the

claim for relief," 28 U.S.C. § 1446(b), which commences a civil action.

In the present matter, the Attorney General has not filed a civil action against defendants

that would allow for removal.  The removed action seeks emergency relief pursuant to New York

Civil Practice Law and Rules §2308(b) to compel compliance with non-judicial investigatory

subpoenas authorized by Executive Law §63(12).  Executive Law §63(12) grants the Attorney

General the "broad" investigative authority to issue subpoenas to "conduct investigations into

7

possible violations of the law." <u>American Dental Cooperative, Inc. v. Attorney-General</u>, 514 N.Y.S.2d 228, 232 (N.Y. App. Div. 1st Dep't 1987). Accordingly, an Attorney General motion to compel compliance with Executive Law §63(12) investigative subpoenas pursuant to CPLR §2308(b) need only "establish some relevancy and basis for its investigation." <u>Wiener v. Abrams</u>, 464 N.Y.S.2d 919, 921 (Sup. Ct. N.Y. Kings Cty. 1983). Far from an initial pleading that commences a civil action, the motion establishes only the Attorney General's authority to issue subpoenas pursuant to Executive Law §63(12), the factual basis of the investigation, and that the information sought is reasonably related to the subject matter under investigation. <u>Abrams v. Thruway Food Market & Shopping Center, Inc.</u>, 541 N.Y.S.2d 856, 858 (N.Y. App. Div. 2nd Dep't 1989). While the Attorney General believes that violations may have occurred, it does not state in its motion, nor is it required to state, conclusions of specific violations, whether there will be resulting litigation, or the precise claims or theories of recovery that would be asserted in any resulting litigation. Defendants' removal of this application is therefore a fundamental misuse of the removal procedures inasmuch as it concerns a state law that creates a state remedy on a state subpoena that seeks information reasonably related to an ongoing investigation without stating a cause of action.

Defendants' removal is so anomalous that there is no precedent under Section 1446 for removal of an application filed in a state court by a state attorney general to compel compliance with an investigatory subpoena issued pursuant to state law.[5] Unsurprisingly, in the only case

---

[5]    In limited circumstances, a private party's petition for pre-complaint discovery that sets forth facts and claims ancillary to a specific contemplated civil action can be subject to removal where based on federal question jurisdiction. <u>See, e.g.</u>, <u>Christian, Klein, & Cogburn v. National Association of Securities Dealers, Inc.</u>, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) (CPLR §3102(c) petition is an "initial pleading" if it sets forth a claim for relief); <u>but see</u> <u>Bryan v. America West Airlines</u>, 405 F. Supp. 2d 218, 221-22 (E.D.N.Y. 2005) (CPLR §3102(c) petition for pre-litigation discovery not a "civil action" because petition did not identify all proper parties or the

8

the Attorney General has found in which the target of a state attorney general investigation sought to remove an application to compel compliance with subpoenas to federal court, the judge remanded the matter back to state court. In State ex rel. Myers v. Portland General Elec. Co., 2004 U.S. Dist. LEXIS 15251 (D. Ore. July 30, 2004), a utility company sought to remove a hearing to show cause why a state judge should not compel compliance with a subpoena issued by the Oregon Attorney General. In Myers, the judge remanded the Oregon Attorney General application to compel compliance with an investigative demand to state court because the application was not a "civil action," but rather to determine "whether any violation has occurred," which presumes the possibility that the Attorney General will find no violation at all, could be issued to any person or entity that has relevant information including non-targets, and could not expose the utility to liability unless and until the Oregon Attorney General filed a civil action. Id. at *4.

Like the Oregon civil investigative demand found not to constitute a "civil action" in Meyers, a New York Executive Law 63(12) subpoena may be issued to any person or entity that has relevant information, whether or not that person or entity is the target of an investigation, the Attorney General has made no representations regarding its ultimate conclusions, and defendants will not incur any liability if the motion is granted, unless and until the Attorney General files suit and prevails. The Attorney General's broad authority to issue subpoenas without stating conclusions of fact or law is supported by New York's strong policy interest in a functional

---

specific claims); Hinote v. Morgan, 179 F.R.D. 335, 336 (S.D. Ala. 1998) (remanding pre-litigation discovery petition despite complete preemption argument under ERISA because "there is no 'civil action' to be removed"). An application to compel compliance with an Executive Law §63(12) investigatory subpoena issued by the Attorney General is far more preliminary than pre-litigation discovery devices insofar as it is designed to permit exploration as to whether violations have occurred and the shape of any potential action, and need not show that the inquiry is necessary to a particular claim or that litigation is a likely outcome.

9

investigatory process, which would "be paralyzed if [general] arguments as to materiality or relevance" were permissible grounds for challenging an investigatory subpoena issued under Executive Law §63(12). La Belle Creole Intl., S.A., 10 N.Y.2d 192, 196-97 (N.Y. 1967).

Accordingly, the instant motion to compel compliance with subpoenas is not a "civil action" that can be removed to federal court.

## II.  THIS CASE SHOULD BE REMANDED TO NEW YORK STATE COURT BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. § 1441(a), a lawsuit filed in state court may be removed to federal court only if the case falls within the federal courts' original subject matter jurisdiction. Even if the Attorney General's motion to compel compliance with investigatory subpoenas could somehow be construed as a pleading – which it is not – remand is appropriate because this court lacks subject matter jurisdiction over solely state matters raised in the investigation.

It is beyond dispute that the Attorney General could not have originally brought this motion to compel compliance with state investigatory subpoenas in federal court. The Attorney General's investigatory subpoenas are authorized by state law, and the Attorney General's exclusive remedy for noncompliance lies in a state court proceeding pursuant to CPLR §2803(b). Instead, defendants contend the Attorney General's state motion to compel compliance with investigatory subpoenas is preempted by federal immigration law. (Def's' Notice of Removal ¶¶ 4-5.) However, defendants' preemption argument fundamentally misconstrues the standards of removal and ignores the narrow circumstances in which preemption can convert a state motion into a federal claim. Even if defendants' preemption argument had merit, which it does not, the well pleaded complaint rule, here discussed by analogy as there is no complaint, forecloses mere preemption as a basis for federal court subject matter jurisdiction in a removal proceeding. Indeed, if this were not the case, nearly any state investigation could be removed to federal court.

10

Under familiar doctrine, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 10. The analysis focuses solely on the plaintiff's affirmative claim; potential defenses that may be based on federal law are not considered. For removal to be proper, therefore, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936).

Conversely, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14 (emphasis added). "[M]ere preemption" is insufficient. Box Tree South, Ltd. v. Bitterman, 873 F. Supp. 833, 837-38 (S.D.N.Y. 1995). Complete preemption, a valid ground for removal, is only found in extremely narrow circumstances not applicable here, in which the preemptive force of federal law is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action. See Integrative Nutrition, Inc. v. Acad. of Healing Nutrition, 476 F. Supp. 2d 291, 295 (S.D.N.Y. 2007). The Supreme Court has only held that complete preemption applies where the federal statute prescribes an exclusive federal cause of action, typically when accompanied by a sweeping express preemption clause. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003) (National Bank Act §§85 and 86); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (ERISA §502(a)); Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968) (Labor Management Relations Act

11

("LMRA") §301); see also Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) (Copyright Act, 17 U.S.C. §§102, 103, 106, and 301(a)).

This doctrine of "complete preemption" has no application to this case because there is no sweeping, let alone applicable, express preemption clause and no exclusive federal cause of action covering the Attorney General's allegations here, as there was in the above cases.  See Tiengkham v. Electronic Data Sys., 551 F. Supp. 2d 861, 870-71 (S.D. Iowa 2008) (Immigration law is not among the "handful of statutes" in which complete preemption applies, and immigration law's anti-retaliation provision, 8 U.S.C. §1324b(a)(5), does not preempt a former employee's state wrongful termination suit, because no Congressional intent to preempt, and state obligation is parallel.).  The Attorney General's investigation pertains to civil rights and wage and hour claims under New York law, not any federal causes of actions.  It is irrelevant that the investigation, if it arrived at a conclusion, may be able to allege facts that may state a federal claim; as the "master of the complaint," the Attorney General in its motion to compel papers alleged a good faith basis of violations of state law, (see Elmore Aff. Ex. B) and a reviewing court considering a motion to remand is bound to accept it, especially where, as here, the Attorney General has the right to proceed only upon state law violations if they are found, and an enforcement action is ultimately filed. See Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987).

Defendants' argument that the Attorney General's investigation is in part preempted insofar as it relies on obligations that may "aris[e] from" the ETA 750s (Notice of Removal ¶ 2), is unavailing. The possible state-law claims described above would not fall into the "slim" class of state-law claims that are deemed nevertheless to "arise under" federal law for jurisdictional

12

Therefore, this Court has no subject matter jurisdiction over the Attorney General's motion to compel compliance with investigatory subpoenas because the motion to compel states no federal claim and involves no substantial questions of federal law.

## CONCLUSION

For the foregoing reasons, this matter should be remanded to New York State Supreme Court, New York County.


Dated: New York, New York
     August 5, 2008

                                      Respectfully submitted,

                                        Andrew M. Cuomo,
                                        Attorney General of the State of New York

By: _____

                                        Andrew J. Elmore (AE 9042)
                                        Assistant Attorney General
                                        Civil Rights Bureau
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 416-6280
                                        Attorney for Plaintiff

14

purposes because they necessarily involve substantial questions of federal law.[6] See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006). While the Attorney General may well ultimately look to information on defendants' ETA 750 forms as evidence of a promised rate of pay for defendants' employees, this investigation does not involve a substantial question of federal law because a finding that Dreamland Amusements Inc. represented to the NYS DOL that it would pay employees a rate of pay above the minimum wage would not require any interpretation of federal law. See Doidge v. Cunard S.S. Co., 19 F.2d 500, 502 (1st Cir. 1927) (holding no substantial federal question implicated in allegation of forgery on a passport because it calls for "no construction of the immigration law"); cf. Hernandez v. Conriv Realty Ass's, 116 F.3d 35, 39-40 (2d Cir. 1997) (rejecting LMRA complete preemption argument even though state-law breach of contract and fraud claims would require reference to collective bargaining agreement ("CBA") to determine damages because it would not require interpretation of the CBA); Vera v. Saks & Co., 335 F.3d 109, 114 (2d Cir. 2003) (A state claim is not preempted if its application requires "mere referral to the CBA for 'information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.'"") (quoting Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 413 n.12 (1988)).

------

[6]    While the Fair Labor Standards Act, 29 U.S.C. §201 et seq. exemption for certain seasonal amusement companies, see 29 U.S.C. §213(a)(3), may bear on the Attorney General's state-law wage and hour claims to the extent that New York law incorporates the federal exemptions, this is an affirmative defense of defendants, not an element of the Attorney General's claim, see Matter of Garcia v. Heady, 847 N.Y.S.2d 303, 305 (N.Y. App. Div. 3d Dep't 2007) (employer bears burden of proof of exemption); see also Corning Glass Works v. Brennan, 417 U.S. 188, 197 (1974) ("the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense"), and therefore must be disregarded under the well-pleaded complaint rule.

13