Bruce L. Thall, Esquire
Heather M. Eichenbaum, Esquire
David B. Picker, Esquire [DP-9658]
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888 / FAX- (215) 241-8844
*Lead Counsel for Respondents*

Edward Finkelstein, Esquire  [EF-2805]
TARTER, KRINSKY & DROGIN P.C.
1350 Broadway
New York, New York 10018
Tel:   212-216-8000 / FAX- 212-216-8001
*Local Counsel for Respondents*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN THE APPLICATION OF ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF
NEW YORK,

                    Petitioner,

for an Order under C.P.L.R. § 2308(b) to enforce
compliance with subpoenas

    -- against --

DREAMLAND AMUSEMENTS, INC., TOY CIRCUS,
INC., CROSSROADS TRUCKING CORP., ROBERT
F. DESTEFANO, JR., KATHRYN L. DESTEFANO,
and any other owners and corporate officers of Dreamland
Amusements, inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.,

                    Respondents.

Case No. 08-CV-7100 (JGK)
ECF Case

---

**RESPONDENTS' ANSWER TO AFFIDAVIT OF ANDREW J. ELMORE, SUBMITTED**
**WITH PETITIONER'S APPLICATION FOR AN ORDER TO SHOW CAUSE**
**WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT**

Respondents, Dreamland Amusements, Inc., Toy Circus, Inc., Crossroads Trucking, Inc., Robert DeStefano, Jr., and Kathryn L. DeStefano (hereinafter "Defendants"\[1\]), hereby respectfully respond to the Affidavit of Andrew J. Elmore as follows:

1. Denied. The averments herein require no response under the applicable Federal Rules of Civil Procedure.

2. Denied. The averments herein require no response under the applicable Federal Rules of Civil Procedure.

3. Denied. The averments herein, consisting entirely of the Affiant's beliefs, require no response under the applicable Federal Rules of Civil Procedure. However, by way of further response, it is specifically denied that the Defendants have acted in any manner with the intent of frustrating the Plaintiff or its efforts or to otherwise delay appropriate and lawful proceedings. To the contrary, the Defendants have acted as evidenced by the pleadings herein and in *Dreamland Amusements, Inc., et al. v. Cuomo*, 08-civ-6321 (JGK), in order to protect their constitutional and other significant rights from the overreaching of the Plaintiff.

4. Admitted in part, denied in part. It is admitted that the Plaintiff filed a motion to compel compliance in State Court. That filing speaks for itself. Defendants specifically deny the Plaintiff's authority to file said motion, and/or issue subpoenas pursuant to the cited Executive Law under the circumstances involved herein. Defendants further specifically deny undertaking or otherwise participating in any fraudulent and/or illegal business activity.

5. Denied. The averments herein require no response under the applicable Federal Rules of Civil Procedure. However, by way of further response, Exhibit "A" attached to the

---

[1] \  Though the Petitioner incorrectly utilizes the terminology given the caption of this action, Respondents mirror the language utilized by the Petitioner in order that there is no needless confusion. Thus, as initiated by the Petitioner, the Attorney General will be termed "Plaintiff" and the Respondents, Dreamland Amusements, Inc., Toy Circus, Inc., Crossroads Trucking, Inc., Robert DeStefano, Jr., and Kathryn DeStefano will be termed "Defendants" herein.

Affidavit of Andrew J. Elmore, which is a prior Affidavit of the same Affiant, speaks for itself. The allegations contained within Exhibit "A" are specifically denied and it is specifically denied that the Plaintiff is entitled to the relief sought through Exhibit "A". It is admitted only that the Affiant filed said Exhibit "A" in State Court after Defendants had already initiated the related action, *Dreamland Amusements, Inc., et al. v. Cuomo*, 08-civ-6321.

6. Denied. The averments herein require no response under the applicable Federal Rules of Civil Procedure. However, by way of further response, Exhibit "B" attached to the Affidavit of Andrew J. Elmore, which is the Plaintiff's Brief, speaks for itself. The allegations contained within Exhibit "B" are specifically denied and it is specifically denied that the Plaintiff is entitled to the relief sought through Exhibit "B". It is admitted only that the Affiant filed said Exhibit "B" in State Court after Defendants had already initiated the related action, *Dreamland Amusements, Inc., et al. v. Cuomo*, 08-civ-6321.

7. Admitted in part, denied in part. Defendants lack sufficient information to either admit or deny when the Plaintiff began investigating the Defendants. It is denied that the cited Executive Law conveys to the Plaintiff the power to act in the manner of the Plaintiff herein. It is admitted only that the Plaintiff issued the stated subpoenas on the stated dates.

8. Denied as stated. Defendants questioned the Plaintiff's jurisdiction to conduct the investigation in the manner chosen by the Plaintiff from issuance of the first round of subpoenas. Defendants attempted compliance with document production. However, thereafter, when efforts to reach an amicable resolution failed, Defendants refused continued cooperation with the Plaintiff's unlawful and unauthorized process and procedures of investigation. In so doing, the Defendants rely upon their counsel's legal position that Plaintiff lacks the authority and jurisdiction to subject the Defendants to the debilitating investigation it seeks to conduct.

9. Admitted in part, denied in part. It is admitted that the Defendants filed a civil action in this Honorable Court on August 11, 2008, and the initial filing, as well as those which have followed, have set forth in detail the bases for the filing. The Defendants' filings speak for themselves and argue, *inter alia*, preemption.

10. Admitted in part, denied in part. It is admitted that the Plaintiff filed the stated action, after Defendants had already initiated the related action, *Dreamland Amusements, Inc., et al. v. Cuomo*, 08-civ-6321. The Defendants can neither admit nor deny the Plaintiff's motivations for doing so.

11. Denied. The averments herein require no response under the applicable Federal Rules of Civil Procedure. However, by way of further response, Exhibit "C" attached to the Affidavit of Andrew J. Elmore, speaks for itself. Further, it is noteworthy that said Exhibit "C" was both sought and entered by the State Court after Defendants had already initiated the related action, *Dreamland Amusements, Inc., et al. v. Cuomo*, 08-civ-6321.

12. Admitted.

13. Admitted.

WHEREFORE, Respondents, Dreamland Amusements, Inc., Crossroads Trucking., Inc., Toy Circus, Inc., Robert DeStefano, Jr., and Kathryn L. DeStefano, respectfully request that Petitioner's application for an Order to Show Cause be denied.

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

BY: _____

TARTER KRINSKY & DROGIN, PC
Edward Finkelstein, Esquire [EF-2805]
1350 Broadway
New York, NY 10018
212-216-8000/FAX - 212-216-8801
*Local counsel for Defendants*

Heather M. Eichenbaum, Esquire
Bruce L. Thall, Esquire
David B. Picker, Esquire [DP-9658]
1635 Market Street, 7th Floor
Philadelphia, PA 19103
214-241-8888/FAX - 215-241-8844
*Counsel for Defendants*

547812_v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE APPLICATION OF ANDREW M. CUOMO, ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>Petitioner,<br><br>for an Order under C.P.L.R. § 2308(b) to enforce compliance with subpoenas<br><br>-- against --<br><br>DREAMLAND AMUSEMENTS, INC., TOY CIRCUS, INC., CROSSROADS TRUCKING CORP., ROBERT F. DESTEFANO, JR., KATHRYN L. DESTEFANO, and any other owners and corporate officers of Dreamland Amusements, inc., Toy Circus, Inc., and/or Crossroads Trucking Corp.,<br><br>Respondents. | Case No. 08-cv-7100 (JGK)<br>ECF Case<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CERTIFICATE OF SERVICE |

I, Heather M. Eichenbaum, certify that:

On September 4, 2008, I caused to be served a copy of the within document on Plaintiff by e-mailing a true copy thereof to Andrew J. Elmore, Esquire of the State of New York Office of the Attorney General co-counsel for Plaintiff at Andrew.Elmore@oag.state.ny.us and Julian R. Birnbaum, Esquire of the State of New York Office of the Attorney General co-counsel for Plaintiff at Julian.Birnbaum@oag.state.ny.us and Judith Marblestone, Esquire of the State of New York Office of the Attorney General co-counsel for Plaintiff at judith.marblestone@oag.state.ny.us.

Heather M. Eichenbaum, Esquire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE APPLICATION OF ANDREW M. CUOMO, : 
ATTORNEY GENERAL OF THE STATE OF :
NEW YORK, :  Case No. 08-cv-7100 (JGK)
: ECF Case
Petitioner, :
:
for an Order under C.P.L.R. § 2308(b) to enforce :
compliance with subpoenas :
:
-- against -- :
:
DREAMLAND AMUSEMENTS, INC., TOY CIRCUS, :
INC., CROSSROADS TRUCKING CORP., ROBERT :
F. DESTEFANO, JR., KATHRYN L. DESTEFANO, :
and any other owners and corporate officers of Dreamland :
Amusements, inc., Toy Circus, Inc., and/or Crossroads :
Trucking Corp., :
:
Respondents. :

---

### ORDER DENYING
### PETITIONER'S ORDER TO SHOW CAUSE WHY
### ACTION SHOULD NOT BE REMANDED TO STATE COURT

**AND NOW**, to wit, this _____ day of _____, 2008, having considered the Petitioner's Order to Show Cause application, consisting of the Affidavit of Andrew J. Elmore, and Memorandum of Law, and the Answer and Memorandum of Law in Opposition thereto submitted by Respondents;

IT shall be and hereby is **ORDERED, ADJUDGED** and **DECREED** that the Order to Show Cause application and Petitioner's request for remand of this action to State Court is **DENIED**.

_____
Koeltl, J.